NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2163
_____

UNITED STATES OF AMERICA

v.

CHELSEA L. YOCUM,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cr-00072-2)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2004

Before: SCIRICA, *Chief Judge*, FISHER and ALDISERT, *Circuit Judges*.

(Filed  April 7, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

In this appeal, Appellant Chelsea Yocum ("Yocum") challenged her conviction under 21 U.S.C. § 841(a)(1) for distribution and possession with intent to distribute 50 grams or more of crack cocaine. She also challenged her sentence on the basis that the

District Court erred in determining that she was not entitled to a two level downward departure for acceptance of responsibility pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3E1.1.  We held the appeal *C.A.V.* pending *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005).  Subsequent to *Booker*, Appellant informed the Court that she also wished to challenge her sentence under *Booker*.  We now affirm the judgment of conviction, vacate the sentence and remand for re-sentencing in accordance with *Booker*.  Because the underlying events are known to the parties, we focus here on our rationale.

I.

Yocum contends that there was insufficient evidence to establish that she possessed 22.5 grams of crack cocaine found in the hotel room where she was arrested.[1]

This Court applies a "particularly deferential" standard of review when deciding whether a jury verdict is based upon legally sufficient evidence.  *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002) (citing *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998)).  The Court must view the evidence in the light most favorable to the government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt.  *Id.*  Furthermore, because Yocum did not file a timely motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the trial record must be examined only for plain error.  *United States*

---

[1] Though Yocum was convicted for distribution and possession with intent to distribute 50 grams or more of crack cocaine, she only contests the jury's finding that she constructively possessed the 22.5 grams of crack cocaine found in the hotel room.

*v. Powell*, 113 F.3d 464, 466-67 (3d Cir. 1997). Under this test, before an appellate court can correct a plain error not raised at trial, there must be (i) an error; (ii) that is plain; and (iii) the error must affect substantial rights. *Johnson v. United States*, 520 U.S. 461, 467 (1997) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). If each of these conditions are met, then the Court may exercise its discretion to notice a forfeited error, but only if the error (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (internal citation and quotation omitted).

At trial, because there was no evidence of Yocum's actual possession of the 22.5 grams of crack cocaine, the government alternatively sought to establish that Yocum had constructive possession of the drugs. Constructive possession is established where the government presents "sufficient evidence to support an inference that the individual 'knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.'" *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993) (quoting *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992). Dominion and control need not be exclusive but can be shared with others. *Id.* (quoting *United States v. Davis*, 461 F.2d 1026, 1035 (3d Cir. 1972)).

We find that sufficient evidence was presented for a rational juror to conclude beyond a reasonable doubt that Yocum constructively possessed the 22.5 grams of crack cocaine found in the hotel room where she was arrested. Yocum attempted to delay the officers gaining entry to the hotel room, she lied about the presence of her co-defendant

who was hiding in the bathroom of the hotel room, and she attempted to conceal both a marijuana roach and a cocaine-coated razor blade in the pocket of her coat. Additionally, the police officers discovered numerous small, clear yellow, plastic zip-loc baggies, commonly used to store drugs, sitting in plain view on a bedside table. The 22.5 grams of crack cocaine in question were found in the pocket of a coat also sitting in plain view in the hotel room. Viewing the evidence in the light most favorable to the government, we find that a rational juror could have found beyond a reasonable doubt that Yocum constructively possessed the 22.5 grams of crack cocaine. *Cf. Iafelice*, 978 F.2d at 96-97 (emphasizing need to consider facts in context of surrounding circumstances and accordingly finding defendant's use of beeper and suspicious driving (consistent with counter surveillance) and that drugs were in defendant's car supported jury finding that defendant had constructive possession of drugs). Accordingly, we will affirm the judgment of conviction.

## II.

Having determined that the sentencing issues Yocum raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with *Booker*.