UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :  No. 1:CR-01-72-02
:
v.  :
:
CHELSEA YOCUM  :

**SENTENCING MEMORANDUM**

I.   **ACCEPTANCE OF RESPONSIBILITY**

At the sentencing hearing May 6, 2002, this Honorable Court sustained the defendant's objections to a four-level enhancement for a leadership role, as well as a two-level enhancement for firearms, and the sentencing range, after sustaining the objections to those two enhancements, fell between 135 and 168 months.

This Honorable Court rejected the argument of counsel for the defendant that the defendant accepted responsibility for her acts. The pertinent language is set forth below:

> The Court:  What about the fact that the jury found beyond a reasonable doubt that your client distributed in excess of 50 grams?

> Mr. Cluz:  That is why it is moot. That is why the whole computation after –

> The Court: If you are talking about acceptance of responsibility, I am sure your client would not have pled guilty to distributing more than 50 grams.
>
> Mr. Cluz: That's right. But the computations that we developed through trial would have led – would have been the basis for a reasonable assumption that more than 50 grams was excessive. And because we made that computation, it should not be held against us.
>
> All along she said I sold drugs, but the jury found more than what she accepts. But it still accepts responsibility, Your Honor.

[Sentencing Hearing Transcript, pps. 8-9, May 6, 2002]

The defendant invites the court to contrast her case with that of the case in which the particular defendant denies the distribution of any amount of drugs. Additionally, the defendant neither testified at trial, nor at her sentencing hearing, so she neither affirmed nor denied the distribution of more than 50 grams of drugs. Instead, her previous attorney made the case that distribution occurred, and the amount of 50 grams was not proven beyond a reasonable doubt.

Had the jury been asked to determine whether the defendant deliberately minimized the amount of drugs she sold, then the issue of acceptance of responsibility could have been decided by verdict.

The case of <u>Blakely v. Washington</u> dealt with a defendant's right to a jury trial, pursuant to the Sixth Amendment to the United States Constitution, when a particular fact is found by a judge under a preponderance of the evidence standard,

rather than by a jury beyond a reasonable doubt. Blakely v. Washington, 124 S.Ct. 2531 (2004). The Blakely court held as follows:

> In this case, petitioner was sentenced to more than three years above the 53-month statutory maximum of the standard range because he had acted with "deliberate cruelty." The facts supporting that finding were neither admitted by petitioner nor found by a jury. The State nevertheless contends that there was no *Apprendi* violation because the relevant "statutory maximum" is not 53 months, but the 10-year maximum for class B felonies in §9A.20.021(1)(b). It observes that no exceptional sentence may exceed that limit. See §9.94A.420. Our precedents make clear, however, that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* See *Ring, supra,* at 602, 122 S.Ct. 2428 (" 'the maximum he would receive if punished according to the facts reflected in the jury verdict alone' " (quoting *Apprendi, supra,* 483, 120 S.Ct. 2348)); *Harris v. United States*, 536 U.S. 545, 563, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (plurality opinion) (same); cf. *Apprendi, supra,* at 488, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," Bishop, *supra*, §87, at 55, and the judge exceeds his proper authority.
> Blakely v. Washington, 124 S.Ct. at 2537.

In this case there is not only a Sixth Amendment concern, but also a due process concern under the Fifth Amendment to the United States Constitution. In an opinion dated April 15, 2005, United States District Judge Nancy Gertner, United States District Court for the District of Massachusetts, stated as follows:

3

In effect, the impact of the case law on sentencing from Apprendi to Booker is anomalous. It has added both more flexibility and more formality to the sentencing process. The Booker remedy decision made the Guidelines advisory, i.e. more flexible. But the principal decision in that case and those that had foreshadowed it reflected the Court's new concern with the formal procedures for determining facts essential to sentencing.

Indeed, even if the Sixth Amendment's jury trial guarantee is not directly implicated because the regime is no longer a mandatory one, the Fifth Amendments' Due Process requirement is. See, e.g., United States v. Nixon, 418 U.S. 683, 711 (9174) ("The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law . . . . It is the manifest duty of the courts to vindicate those guarantees."). Certain facts are significant, whether or not they play a dispositive role. See, e.g., United States v. Huerta-Rodriguez, 355 F.Supp.2d 1019, 1027 (D. Neb. 2005) (finding that "[i]n order to comply with due process in determining a reasonable sentence, this court will require that a defendant is afforded procedural protections under the Fifth and Sixth Amendments in connection with any facts on which the government seeks to rely to increase a defendant's sentence"); id. at 1027 n.8 ("This approach may not be mandated by Booker, but it is not inconsistent with, nor prohibited by, Booker.").

We cannot have it both ways: We cannot say that facts found by the judge are only advisory, that as a result, few procedural protections are necessary and also say that the Guidelines are critically important. If the Guidelines continue to be important, if facts the Guidelines make significant continue to be extremely relevant, than [sic] Due Process requires procedural safeguards and a heightened standard of proof, namely, proof beyond a reasonable doubt.
U.S. v. Pimental, Criminal No. 99-10310-NG, April 15, 2005, pps. 21-22. (partial opinion attached as Exhibit A).

In this case it is too much of a stretch to believe that the jury found beyond a reasonable doubt that the defendant did not accept responsibility for her acts because of the amount of drugs that were found. Any conclusion that the defendant failed to take responsibility because she minimized, beyond a reasonable doubt, the amount of drugs with which she was involved is no more than speculation.

The defendant would argue that the failure to assign acceptance of responsibility credit is tantamount to an enhancement and, because the question was not specifically presented to the jury it is beyond this court's authority to refuse a two-level reduction for acceptance of responsibility, unless the court specifically finds, beyond a reasonable doubt, the defendant did not accept responsibility.

In the alternative, in contrasting the defendant's case with that of a defendant who refused to acknowledge the selling of any drugs, this defendant should be eligible for at least a one-level departure under the sentencing guidelines, thereby making her range of imprisonment 121-151 months.

In the commentary to Section 3E1.1 of the Sentencing Guidelines Manual the following pertinent language is included:

> In determining whether a defendant qualifies under subsection (a) (for acceptance of responsibility), appropriate considerations include, but are not limited to, the following:

      (a) truthfully admitting the conduct comprising the offenses of conviction . . .;

      (g) post-offense rehabilitative efforts (e.g., counseling or drug treatment . . . . (see II – Post Rehabilitative Efforts).

U.S.S.G. §3E1.1, *Commentary*.

Application Note 2 of the commentary to Section 3E1.1 does provide that the "adjustment (for acceptance of responsibility) is not intended to apply to a defendant who puts the government to its burden of proof at trial . . . ." U.S.S.G. §3E1.1, *Commentary, Application Note 2*. The note does also state the following: "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction." U.S.S.G. §3E1.1, *Commentary, Application Note 2*.

The commentary also indicates the following: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. §3E1.1, *Commentary, Application Note 5*.

Finally, the defendant has expressed a wish to address the court, at her new sentencing hearing, specifically on the issue of the weight of the drugs. In addition to the remarks that the defendant will make to Your Honor at the sentencing

hearing a letter from the defendant is attached to the within sentencing memorandum and marked as Exhibit B.

II.   POST REHABILITATIVE EFFORTS

The defendant is respectfully requesting that this court look at the defendant's post offense rehabilitation in determining whether a downward departure is applicable.  See United States v. Sally, 113 F.3d 76, 80 (3d Cir. 1997). Furthermore 18 U.S.C. §3661 provides as follows:  "No limitations shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C.  §3661.

By letter dated November 2, 2004, Maureen G. Miller, Landscape Management Technician wrote to Thomas Zaborowski, Education Coordinator, to inform him that Chelsea Yocum had successfully completed the Landscape Management Technician course.  Additionally, she completed a 1300 hour program in the V.T. Horticultural Program and then 2000 hours on-the-job training, in the Landscape Management Technician course.  The letter from Maureen Miller acknowledges "outstanding achievement."   [Exhibit C]. Certificates evidencing Chelsea Yocum's successful completion of the various

horticultural courses are attached to the within memorandum. [Exhibits D-I]. By letter dated September 12, 2003, Stacy Queen, Education Department, acknowledged Chelsea Yocum's enrollment at the Blackstone Career Institute. [Exhibit J]. Chelsea's student number is verified on the Grade Reports that were sent to her by Blackstone Career Institute. [Exhibits K and L].

Chelsea Yocum also received a certificate of participation in dance recital [Exhibit M], cardioaerobics class [Exhibit N], talent show [Exhibit O], and Pilates class [Exhibit P].

As required Chelsea Yocum also completed the drug and alcohol education program at the Danbury Federal Correctional Institution. [Exhibit Q].

By letter dated September 5, 2005, the Food Service Director at the Cumberland County Prison noted, among other things, that Chelsea Yocum "gives 110 percent to all of the duties assigned to her . . . (has) a good attitude and is a hard worker." [Exhibit R].

                              Respectfully submitted,

                              s/ Gerald A. Lord

                              Gerald A. Lord, Esquire
                              Miller, Poole & Lord, LLP
                              139 East Philadelphia Street
                              York, PA 17403
                              (717) 845-1524
                              Sup. Ct. I.D. No. 49539

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005 I electronically filed the foregoing document with the court's ECF system and that counsel for the government is an ECF user.

        Respectfully submitted,

        s/ Gerald A. Lord

        Gerald A. Lord, Esquire
        Miller, Poole & Lord, LLP
        139 East Philadelphia Street
        York, PA 17403
        (717) 845-1524
        Sup. Ct. I.D. No. 49539

Dated:  September 27, 2005