NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4468
_____

UNITED STATES OF AMERICA

v.

CHELSEA L. YOCUM,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cr-00072-2)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2006

Before: FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed September 29, 2006)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, sitting by designation.

FISHER, *Circuit Judge*.

Appellant Chelsea Yocum appeals from the 138-month term of imprisonment imposed by the District Court. Yocum contends that although she was convicted of a drug offense following a trial, the District Court erred in declining to grant a two-level downward adjustment for acceptance of responsibility because the government refused to enter with her into a plea agreement to dismiss a related firearms charge. For the reasons set forth below, we reject Yocum's argument and will affirm the order of the District Court.

I.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to our conclusion. Yocum was charged with three counts arising out of an alleged drug trafficking conspiracy: conspiracy to distribute and possession with the intent to distribute 50 grams or more of crack cocaine (count I); distribution and possession with the intent to distribute 50 grams or more of crack cocaine (count II); and possession of a firearm in furtherance of a drug trafficking offense (count VI). Yocum entered a plea of not guilty to the charges and proceeded to trial. During the trial, the District Court granted the government's motion to dismiss count I of the indictment. At the conclusion of the case, the jury convicted Yocum on count II and acquitted her on count VI.

Prior to Yocum's initial sentencing hearing, she objected to the failure of the presentence investigation report to recommend a two-level reduction in her guidelines offense level for acceptance or responsibility pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines. At the hearing, her attorney argued that she was entitled to the reduction because Yocum had never disputed at trial that she had sold drugs. According to Yocum's counsel, she went to trial only because the government refused to allow her to plead to the drug offense at count II in exchange for dismissing the gun offense at count VI – the charge on which she was eventually acquitted. (App. 36-37, 84.) In essence, Yocum claimed that she had "nothing to lose" by going to trial because the government would not accept a reasonable plea agreement. (App. 84.)

The District Court rejected Yocum's argument and declined to find that she had accepted responsibility. The District Court sentenced Yocum to 150 months' imprisonment, a fine of $2000, and a $100 special assessment.[1] On appeal, we affirmed Yocum's conviction, but vacated and remanded her sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Yocum*, 127 Fed. Appx. 590 (3d Cir. 2005).

---

[1] The District Court fixed Yocum's range of imprisonment at 135 to 168 months, a finding which has not been disputed on appeal. (App. 51.) In fixing this range, the court declined to impose a two-level enhancement under Section 2D1.1(b)(1) of the Guidelines for an offense involving a firearm, and/or a four-level enhancement under Section 3B1.1(a) for being an organizer of a criminal enterprise. (App. 50.) Yocum's conviction at count II carries a minimum term of imprisonment of 120 months. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

Yocum renewed her argument for a reduction in her offense level at her resentencing hearing.  Her attorney referenced "the extraordinary change" that had occurred in his client since her last hearing, and he requested the court to "drop her down a level or two for accepting responsibility for what she did and those efforts that she made."  (App. 60.)  Yocum addressed the court, stating that she "realized[d] everything I've done now" and that she "accept[ed] everything."  (*Id.*)  The District Court thereafter decided to sentence Yocum to 138 months' imprisonment, a 12-month decrease from the initial sentence that was imposed.  In reaching this sentence, the court told Yocum that he wanted

> to recognize . . . the efforts that you've made since you've been in jail.  I don't know if they're sincere, if they're going to be lasting or not.  But I'm going to make a slight adjustment in the sentence based on those submissions.

(App. 72-73.)

## II.

Yocum appeals from her sentence on the ground that the District Court clearly erred in failing to grant the two-level reduction in her offense level for acceptance of responsibility.[2]  Although the commentary to Section 3E1.1 and our caselaw recognize

---

[2] We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  We apply a clearly erroneous standard of review to the District Court's decision that Yocum did not accept responsibility and was not entitled to a reduction in her offense level.  *United States v. Rodriguez*, 975 F.2d 999, 1008 (3d Cir. 1992).  This standard of review remains appropriate in the post-*Booker* world of "reasonableness" review, as we are still required to determine initially whether the District Court properly calculated the

that the adjustment may be applicable in "rare situations" when a defendant proceeds to trial, the adjustment is generally not warranted if a defendant "puts the government to its burden of proof at trial." *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995) (finding that adjustment not warranted where the defendant "contested his guilt . . . beyond a mere legal challenge"); *see United States v. Thomas*, 315 F.3d 190, 205-06 (3d Cir. 2002); *United States v. Boone*, 279 F.3d 163, 193-94 (3d Cir. 2001); *see also* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2 (stating that "the adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential elements of guilt, is convicted, and only then admits guilt and expresses remorse").

This case is not one of those "rare situations" in which a post-conviction adjustment for acceptance of responsibility is appropriate. Here, the record does not reflect that Yocum made any pretrial proffer of guilt to the government. With respect to count II, she contested the government's proof at trial, cross-examined the government's witnesses, and argued in her summation that she was not guilty of the offense. In

---

applicable guidelines range under 18 U.S.C. § 3553(a)(4). *See United States v. Vampire Nation*, 451 F.3d 189, 196 (3d Cir. 2006). Yocum does not argue that the sentence imposed by the District Court was unreasonable. She appeals solely from the District Court's failure to grant a two-level reduction in her offense level for acceptance of responsibility. However, to the extent that Yocum argues that the District Court should have exercised its discretion to grant her a greater downward departure, we agree with the government that we lack jurisdiction over the District Court's exercise of that discretion. *U.S. v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006); *U.S. v. Denardi*, 892 F.2d 269, 271-72 (3d Cir. 1989).

addition, she brought an appeal to this court in which she attacked the sufficiency of the government's evidence at count II. *See Yocum*, 127 Fed. Appx. at 591 (stating that Yocum argued that there "was insufficient evidence to establish that she possessed 22.5 grams of crack cocaine found in the hotel room where she was arrested").

Yocum's "acceptance of responsibility" in this case refers to the remorse that she felt after her trial and conviction, rather than her acceptance prior to going to trial. Both she and her counsel noted her rehabilitative efforts at her resentencing hearing and urged the District Court to reduce her sentence on that basis. That after-the-fact remorse was rewarded by the District Court, which generously reduced her term of imprisonment by one year when she was resentenced in accordance with *Booker*.

Although Yocum's post hoc acceptance of responsibility is commendable, a defendant's realization that what she did was wrong does not provide a legal basis for a reduction in her offense level under Section 3E1.1 of the Guidelines. Accordingly, we will affirm the sentence imposed by the District Court.