## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **No. 1:01-CR-72-2** |
| | **:** | |
| **v.** | **:** | **(JUDGE CALDWELL)** |
| | **:** | |
| **CHELSEA YOCUM** | **:** | |

## MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. §3582(c)

AND NOW, comes Chelsea Yocum, by and through counsel, Gerald A. Lord, Miller, Poole & Lord, LLP, and files the within motion for sentence reduction pursuant to 18 U.S.C. §3582(c):

## <u>BACKGROUND</u>

1.     Chelsea Yocum was convicted by a jury of her peers on August 23, 2001, of violation of 21 U.S.C. §841 [possession with intent to distribute and distribution of crack cocaine].

2.     The jury specifically convicted Yocum of distributing 50 or more grams of crack cocaine.

3.     On May 6, 2002, after finding an offense level of 32 and a sentencing range of 135-168 months, this Honorable Court imposed a term of incarceration of 150 months. *Sentencing Transcript*, 5/6/02, p. 21.

4.      After sentence was vacated by the United States Court of Appeals on April 7, 2005, Yocum was resentenced on September 28, 2005, to a term of 138 months, 3 months above the minimum sentence in the original guideline range of 135-168 months. *Sentencing Transcript*, 9/28/02, p. 19.

5.      Under the current sentence Yocum's expected release date is on or about May 4, 2012.

6.      Yocum is filing the within motion under 18 U.S.C. §3582(c)(2) because of the changes to the United States Sentencing Guidelines as they relate to cocaine base.

## Authority to Reduce Yocum's Sentence

7.      18 U.S.C. §3582(c)(2) provides as follows:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
> 18 U.S.C. §3582(c)(2)

8.      Effective November 1, 2007, U.S.S.G. §2D1.1 was amended as follows:

(5)●At least 50g but less than 150g of cocaine base    Level 30
U.S.S.G. §2D1.1(c)(5).

9.    On or about December 11, 2007, pursuant to its authority under 28

U.S.C. §994(u), the Sentencing Commission decided to make the crack cocaine

amendment, Amendment 706 (as amended by Amendment 711), retroactive,

effective March 3, 2008.  The Sentencing Commission also amended U.S.S.G.

§1B1.10, which now provides in pertinent part as follows:

> In a case in which a defendant is serving a term of imprisonment,
> and the guideline range applicable to that defendant has
> subsequently been lowered as a result of an amendment to the
> Guidelines Manual listed in subsection (c) below, the court may
> reduce the defendant's term of imprisonment as provided by 18
> U.S.C. §3582(c)(2) . . ..
>
> (c)  Covered Amendments – amendments covered by this policy
> statement are listed in Appendix C as follows:  126 . . . **706 as
> amended by 711**.
> U.S.S.G. §1B1.10(a)(1),(c). (emphasis added).

**Relief Requested**

10.    Under the amended guidelines Yocum's guideline range would

change from 135-168 months to 108-135 months.  *Exhibit* A.

11.    Were it not for the required mandatory minimum sentence Yocum

would be requesting that this Honorable Court impose a sentence of 111 months in

the amended guideline range, which would be proportional and comparable to the

138 months originally imposed, which was 3 months above the minimum guideline sentence of 135 months.

12.    Under 21 U.S.C. §841 the court must impose a mandatory minimum sentence of 120 months.  21 U.S.C. §841(b)(IV)(iii).

**Reasons for Granting Relief**

13.    Under U.S.S.G. §1B1.10 the court may consider, at resentencing, post sentencing conduct:

> The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining:  (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection b[1].
> U.S.S.G. §1B1.10(iii)

## POST SENTENCING CONDUCT

14.    Since the parties were last in court on September 28, 2005, Yocum has added the following achievements:

---

[1] Subsection b provides as follows:  "Except as provided in subdivisions (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."  U.S.S.G. §1B1.10(b)(2)(A).

(a) Completion of the Legal Assistant/Paralegal Diploma Program [915 clock hours] with an average grade of 95%. *Exhibits* B and C.

(b) Certificate of Completion of requirements for Microsoft Office XP. *Exhibit* D.

(c) Certificate of Completion of a non-residential drug abuse program. *Exhibit* E.

(d) Certificate confirming 12 hours of business standards. *Exhibit* F.

(e) Certificate of Achievement for successful completion of the eight session anger management group program. *Exhibit* G.

(f) Various exercise and culinary classes between November 5, 2005 and June 28, 2007. *Exhibit* H.

## PUBLIC SAFETY CONCERNS

15.    Under U.S.S.G. §1B1.10 the court shall consider public safety factors:

The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining:  (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

16.    In light of the defendant's overall positive adjustment subsequent to her incarceration, and given the many positive steps she has taken toward educating and bettering herself, it is respectfully submitted that there are no dangers that will arise by virtue of the reduction of Yocum's prison sentence.

## GENERAL FACTORS FOR CONSIDERATION

17.    Under U.S.S.G. §1B1.10 the court is also required to consider the following:

Consistent with 18 U.S.C. §3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. §3553(a) in determining:  (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

18.    Despite the changes brought about by Amendment 706 there is still a wide disparity between the cocaine guidelines and cocaine base guidelines:

(a) Yocum has to serve a minimum mandatory term of 10 years because she possessed 50 grams or more of crack cocaine; Yocum would have had to possess and distribute 5,000 grams or more of powdered cocaine to face the same mandatory minimum sentence;

(b) Had Yocum been convicted of possession and distribution of at least 50 grams, but less than 100 grams, of powder cocaine, her offense level would be 16 and her guideline range would be 24-30 months, rather than the current amended guideline range of 108-135 months.

19.    In a recent United States Supreme Court case the Court stated as follows:

A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objections of sentencing, section 3553(a).  In making that determination the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses.
*Kimbrough v. United States*, 128 S.Ct. 558, 560 (2007).

20.    The *Kimbrough* court also observed as follows:

Based on additional research and experience . . . the [Sentencing] Commission . . . determined that the crack/powder differential

does not meet the objectives of the Sentencing Reform Act and
the 1986 [Anti-Drug Abuse] Act.
*Kimbrough*, 128 S.Ct. at 560.

21.    Although the court is not permitted to impose a sentence below 120

months, it is the position of the defendant that a sentence above 120 months is

unnecessary when all the considerations of the amended guidelines and policy

statements are considered.

**Time is of the Essence**

22.    Yocum is eligible to enter a drug program at the FCI Danbury on May

6, 2008, but must have her final sentence determined prior to that date in order to:

(1) be successfully admitted into the program; and (2) to receive the resulting

benefits from the program.

23.    Yocum is respectfully requesting this Honorable Court render its

decision prior to May 6, 2008.

24.    Recognizing the court has discretion on the issue of whether a

presentence should be prepared, and in light of the simplicity of the facts of this

particular case, and, additionally, recognizing that there are no other sentencing

guidelines provisions which are affected by the amended guidelines as they apply

to Yocum's case – including the safety valve provisions, the armed career criminal

provisions, the career criminal provisions, and the multiple drug provisions – it is respectfully suggested that the sentence may be imposed without the preparation of a presentence report.

25.     Notwithstanding the above, the undersigned has notified federal probation officer Drew Thompson that Yocum does have the time constraints of the drug program into which she must enter by May 6, 2008.

**Sentencing Hearing**

26.     Pursuant to Federal Rule of Criminal Procedure 43(b)(4) Yocum waives her presence at a sentencing hearing pursuant to her motion, but requests a hearing by video conference should the court determine that she is not eligible for a sentence reduction.

27.     The pertinent policy statement states as follows:

> Limitation.-- Consistent with subsection (b), proceedings under
> 18 U.S.C. §3582(c)(2) and this policy statement do not constitute
> a full resentencing of the defendant.
> U.S.S.G. §1B1.10(a)(3)

28.     Yocum recognizes her presence at a sentencing hearing is discretionary.

29.     Should the court determine that a hearing will be necessary to resolve the issue of whether Yocum should receive a two level departure, Yocum hereby

requests that her physical presence be waived and that, instead, the hearing take place by way of video conference from the FCI Danbury.

30.    The undersigned is awaiting word from Assistant United States Attorney Christy Fawcett about whether or not she concurs in Yocum's request for relief.

WHEREFORE, based on all of the foregoing, it is respectfully requested that this Honorable Court grant the two level reduction and amend the defendant's sentence to 120 months incarceration.

Respectfully submitted,

s/ Gerald A. Lord

Gerald A. Lord, Esquire
Miller, Poole & Lord, LLP
139 East Philadelphia Street
York, PA 17403
(717) 845-1524
Sup. Ct. I.D. No. 49539

## CERTIFICATE OF SERVICE

I hereby certify that I served the Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) on opposing counsel and federal probation by causing a copy to be electronically filed and by first class mail, addressed as follows: Chelsea Yocum, Reg. #10623-067, FCI Danbury, 33½ Pembroke Road, Route 37, Danbury CT 06811.

Respectfully submitted,

s/ Gerald A. Lord

Gerald A. Lord, Esquire
Miller, Poole & Lord, LLP
137 East Philadelphia Street
York, PA 17401
(717) 845-1524
Sup. Ct. I.D. No. 49539