### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:01-CR-72-2 |
| | : | |
| v. | : | (JUDGE CALDWELL) |
| | : | |
| CHELSEA L. YOCUM | : | |

### MEMORANDUM

AND NOW, comes Chelsea L. Yocum, by and through counsel, Gerald A. Lord, and files the within memorandum:

### **BACKGROUND**

The defendant, Chelsea L. Yocum, through the undersigned counsel, filed a request to reduce her sentence on April 16, 2008, because the Sentencing Commission changed the United States Sentencing Guidelines at U.S.S.G. §2D1.1, which now place Yocum's guidelines range at Level 30 [108-135 months], rather than at Level 32 [135-168 months].

The United States Probation Office has submitted a timely addendum under date of April 21, 2008.

The within memorandum is being submitted in response to the addendum submitted by the United States Probation Office.

**ISSUE:**     Should defendant Yocum be resentenced pursuant to the  amendment of U.S.S.G. §2D1.1?


**ARGUMENT**


**Sentence Imposed**

In the *Sentence Imposed* portion of the Addendum submitted by United States Probation the probation officer notes that the defendant was sentenced under *Booker* and, pursuant thereto, the probation office quotes a portion of U.S.S.G. §1B1.10(b)(2)(B) as follows:  "[i]f the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. §3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Addendum, Sentence Imposed,* p. 2.[1]

---

[1] The office of Defender Services of the Administrative Office of the U.S. Courts in a memorandum dated February 18, 2008, stated the following:  "The [Sentencing] Commission explained at the Crack Summits in Charlotte and St. Louis and at a Defender Conference in Seattle that the second sentence of revised §1B1.10(b)(2)(B) means only that if the judge did not consider the Guidelines *at all* in the original sentencing, the prisoner would not be entitled to relief.  This should apply to no cases because judges must consider the Guidelines, and to do otherwise is reversible error.  *Gall v. United States*, 128 S.Ct. 586, 596 (2007); *Kimbrough v. United States*, 128 S.Ct. 558, 564, 570 (2007); *Rita v. United States*, 127 S.Ct. 2456, 2465, 2468 (2007); *Booker v. United States*, 543 U.S. 220, 245-46 (2005).

Moreover, the second sentence, read literally, is inconsistent with the first sentence, which allows a "reduction comparably less than the amended guideline range" where original sentence was "less than" the guideline range, and Application Note 3 does not distinguish between guideline sanction departures and below-guideline sentences pursuant to §3553(a).

At the sentencing hearing held September 28, 2005, this Honorable Court adjusted Yocum's sentence within the guideline range of 135 months to 168 months. Specifically, the court adjusted Yocum's sentence from 150 months to 138 months. The court noted one specific reason supporting the reduction:

> I do want to recognize, however, the efforts that you've made since you've been in jail. I don't know if it's going to be lasting or not. But I am going to make a slight adjustment in the sentence based on those submissions.[2]
> *Sentencing Transcript*, 9/28/05, pps. 18-19.

Although the sentencing of September 28, 2005, did take place as a result of the defendant's request for resentencing based on *Booker*, neither the parties, nor the court, engaged in a full analysis of the sentencing factors contained in 18 U.S.C. §3553(a). Furthermore, the sentence that was imposed on September 28, 2005, though lower than the original sentence, still remained within the sentencing guideline range of 135-168 months.

---

A literal reading that relief is precluded if the court followed the law at the original sentencing directly conflicts with the Supreme Court's Sixth Amendment holding and remedial interpretation of statutory law. A policy statement cannot conflict with the Constitution. *Stinson v. United States*, 508 U.S. 36 (1993). The Commission cannot interpret a statute contrary to the construction given it by the Supreme Court. *Neal v. United States*, 516 U.S. 284 (1996). A literal reading to preclude relief if the Court followed the law at the original sentencing must be rejected. *Crack Retroactivity, Questions, Answers, Case Law, Argument Outlines*, 2/18/08, pps. 9-10. Note: The entire memorandum can be located by going to www.fd.org and clicking on "Crack Cocaine Amendments" . . ..

[2] Prior to the September 28, 2005 sentencing hearing the defendant submitted exhibits evidencing successful completion of various programs related to her behavior, her education, and her physical well being.

By far, the most significant point to come out of the sentencing hearing, in light of the congressional testimony, Sentence Commission studies and case law emanating from the United States Supreme Court, is the guideline framework from which the court must work in imposing a sentence for violating the law when the drug involved is crack cocaine (cocaine base).

Under the original sentencing scheme Yocum was assigned an offense level of 32 and, therefore, a sentencing range of 135-168 months. With the changes to U.S.S.G. §2D1.1 on November 1, 2007, the sentencing range changed from 135-168 months to 108-135 months. Nevertheless, had Yocum appeared before this court under identical facts, with the exception that she was convicted of delivering 99.36 grams of powdered cocaine, rather than crack cocaine, Yocum's offense level would have been 16 and her sentencing range would have been 24-30 months. Also, Yocum would not be facing a mandatory prison term of 120 months.

**Public Safety Factor**

In the public safety factor portion of the Addendum the probation officer discussed some of the background information that led to Yocum's arrest. All this information was made available and discussed in the previous presentence report and, furthermore, was specifically brought to the court's attention by the assistant

United States attorney on September 28, 2005. *Sentencing Hearing Transcript*, 9/28/05, pps. 9-15.

## Post Sentencing Conduct

As to post sentencing conduct, the May 21, 2004 incident for fighting was also raised at the previous sentencing hearing, *Sentencing Hearing Transcript*, p. 12, lines 19-20.

It appears that there was an incident of a sexual act and another incident of insubordination which occurred on dates following the last sentencing hearing – namely January 8, 2008 and April 6, 2006, respectively. First, the acts referenced by the probation officer must be balanced against all of the positive activity in which the defendant engaged since the last hearing on September 28, 2005. *Motion for Sentence Reduction. . .*, Exhibits A-H. Furthermore, it is respectfully suggested that should this court deem a sentence reduction inappropriate in light of those two incidents, that a sentencing hearing be conducted, so that the defendant can have an opportunity to explain the factual background behind these two minor incidents.

As mentioned before the defendant would have faced a guideline range sentence of between 24 and 30 months had all the facts been the same, with the

exception of the nature of the drug.  Accordingly, in light of the Court's decision to stay within the sentencing guidelines in Yocum's case Yocum likely would have received a sentence of between 24 and 30 months.

It is respectfully requested that this Honorable Court deem the defendant eligible for a sentence reduction, pursuant to Amendment 706, and it is further requested that the reduction be comparable to the previous sentence, taking into consideration that the court is not permitted to go below 120 months.

Respectfully submitted,

s/ Gerald A. Lord

Gerald A. Lord, Esquire
Miller, Poole & Lord, LLP
137 East Philadelphia Street
York, PA 17401
(717) 845-1524
Sup. Ct. I.D. No. 49539

## CERTIFICATE OF SERVICE

I hereby certify that I served the Memorandum on opposing counsel and federal probation by causing a copy to be electronically filed and by first class mail, addressed as follows:  Chelsea Yocum, Reg. #10623-067, FCI Danbury, 33½ Pembroke Road, Route 37, Danbury CT  06811.

April 25, 2008                                        Respectfully submitted,

                                                            s/ Gerald A. Lord

                                                            Gerald A. Lord, Esquire
                                                            Miller, Poole & Lord, LLP
                                                            137 East Philadelphia Street
                                                            York, PA 17401
                                                            (717) 845-1524
                                                            Sup. Ct. I.D. No. 49539